**ORIGINAL**

UNITED STATES COURT OF INTERNATIONAL TRADE

---

APPLIED BIOSYSTEMS DIVISION,
APPLERA CORPORATION                              Court No 03-00251

                Plaintiff,

      v

THE UNITED STATES,

                Defendant

---

## COMPLAINT

Plaintiff, by its undersigned attorneys, for its complaint herein, alleges as follows

1. Plaintiff is the importer of record of the imported merchandise, the subject of this civil action

2. All liquidated duties upon the imported merchandise have been paid and were so paid before the commencement of this civil action

3. The protests of the liquidations covered by the summons herein were timely filed

4. The summons of the protests covered by this civil action was timely filed

5. The imported merchandise, the subject of this civil action, consists of instruments, designated GeneAmp$^R$ PCR System 1000, GeneAmp$^R$ PCR System 2400, GeneAmp$^R$ 9600, and GeneAmp$^R$ 9700, and parts and accessories thereof (hereinafter, " the PCR Systems")

6. The imported PCR Systems are electrical instruments, $i\,e$, they are instruments run by electrical power to perform their function or functions

7. The sole purpose and function of any of the PCR Systems is to perform as an automated instrument, specifically designed for controlling the times and

1

temperatures required by the polymerase chain reaction process for nucleic acid amplification

8   The purpose of the polymerase chain reaction process is to duplicate exactly strands or segments of strands of deoxyribonucleic acid ("DNA") or ribonucleic acid ("RNA"), the genetic materials of living organisms

9   The PCR Systems control and regulate the polymerase chain reaction by regulating and controlling the temperature of the chemical solution (a liquid environment) in which the polymerase chain reaction process of amplification takes place

10   The changes in temperature of the solution containing the DNA or RNA sample, the primers, and the polymerase enzyme carried out by the PCR Systems do not effect treatment of material by heating and cooling

11   The imported PCR Systems were classified upon liquidation in statutory HTSUS Item 8419 89 90 (which is stated more precisely for statutorily required statistical purposes as HTSUS statistical Item 8419 89 9085) and were assessed with duty at the rate of 4 5% *ad valorem* in 2003

12   The parts for the imported PCR Systems were classified upon liquidation in statutory HTSUS Item 8419 90 80 (which is more precisely stated for statutorily required statistical purposes as HTSUS statistical Item 8419 90 8080) and were assessed with duty at the rate of duty of 4% *ad valorem* in 2003

13   HTSUS statutory Items 8419 89 90 and 8419 90 80, with their superior headings (including statutory indentations, but omitting columns for headings/ subheadings, statistical suffixes, quantity specification and rates of duty), read as follows

    8419    Machinery, plant or laboratory equipment, whether or not electrically heated (excluding furnaces, ovens and other

    equipment of heading 8514), for the treatment of materials by a process involving a change of temperature such as heating, cooking, roasting, distilling, rectifying, sterilizing, pasteurizing, steaming, drying, evaporating, vaporizing, condensing or cooling, other than machinery or plant of a kind used for domestic purposes, instantaneous or storage water heaters, nonelectric, parts thereof

    \* \* \*

    Other machinery, plant or equipment

    \* \* \*

| | | |
|---|---|---|
| 8419 89 | Other | |

    \* \* \*

| | | |
|---|---|---|
| 8419 89 90 | | Other |
| 8419 90 | Parts | |

    \* \* \*

        Other

    \* \* \*

| | |
|---|---|
| 8419 90 95 | Other |

14    Plaintiff claims that the PCR Systems are more properly classifiable under HTSUS statutory Item 9032 89 60 and are dutiable at the rate of 1 7% *ad valorem*

15    Plaintiff claims that the parts of the PRC Systems are more properly classifiable under HTSUS statutory Item 9032 90 60 and are dutiable at the rate of 1 7% *ad valorem*

16    HTSUS statutory Items 9032 89 60 and 9032 90 60, with their superior headings (including statutory indentations, but omitting columns for headings/ subheadings, statistical suffixes, quantity specification and rates of duty), read as follows

    9032    *Automatic regulating or controlling instruments and apparatus, parts and accessories thereof*

    \* \* \*

    Other instruments and apparatus

    \* \* \*

| | |
|---|---|
| 9032 89 | Other |

    \* \* \*

| | |
|---|---|
| 9032 89 60 | Other |
| 9032 90 | Parts and accessories |

```
9032 90 60              Other
```

17   The text of Note 1(m) to Section XVI, HTSUS (which section includes HTSUS Chapter 84) reads as follows

   1   This section does not cover

      (m) Articles of Chapter 90

16   The text of Note 7(a) to Chapter 90. HTSUS. reads as follows

   7   Heading 9032 applies only to

      (a) Instruments and apparatus for automatically controlling the flow, level, pressure or other variables of liquids or gases, or for automatically controlling temperature, whether or not their operation depends on an electrical phenomenon which varies according to the factor to be automatically controlled, which are designed to bring this factor to, and maintain it at, a desired value, stabilized against disturbances, by constantly or periodically measuring its actual value,

17   The text of General Rule of Interpretation 1 to the HTSUS reads as follows

   1   The table of contents, alphabetical index. and titles of sections, chapters and sub-chapters are provided for ease of reference only, for legal purposes, classification shall be determined according to the terms of the headings and any relative section or chapter notes and, provided such headings or notes do not otherwise require. according to the following provisions
   [General Rules of Interpretation 2, 3, 4, 5 and 6 follow]

18   The language of the statutory Section and Chapter Notes to the HTSUS requires that articles which are described in HTSUS Chapter 90 and, as concerns articles which may fall to be classified in HTSUS heading 9032, which meet the criteria set forth in Note 7(a) to Chapter 90 and are also described in HTSUS heading 9032, cannot be classified in HTSUS Chapter 84

19   The text of General Rule 3 to the HTSUS reads as follows

3. When, by application of rule 2(b) or for any other reason, goods are, *prima facie*, classifiable under two or more headings, classification shall be effected as follows

   a. The heading which provides the most specific description shall be preferred to headings providing a more general description However, when two or more headings each refer to part only of the materials or substances contained in mixed or composite goods or to part only of the items in a set put up for retail sale, those headings are to be regarded as equally specific in relation to those goods

   b. Mixtures, composite goods consisting of different materials or made up of different components, and goods put up for retail sale, which cannot be classified by reference to 3(a), shall be classified as if they consisted of the material or component which gives them their essential character, insofar as this criterion is applicable

   c. When goods cannot be classified by reference to 3(a) or 3(b), they shall be classified under the heading which occurs last in numerical order among those which equally merit consideration

20. The essential character of the PCR Systems is regulating and controlling the polymerase chain reaction process by rapidly and predictably changing the temperature by means of the built-in sensors and computer interface

21. The PCR systems are automatic instruments for regulating and controlling the biochemical environment in which the polymerase chain reaction takes place, and, specifically, of regulating the temperature of such environment and stabilizing it over foreseen and pre-determined periods of time, thereby permitting the biochemical reaction to take place successfully and to be repeated automatically with scientifically predictable results as to quantities to be obtained after a specified number of cycles

WHEREFORE, plaintiff demands judgment classifying the imported PCR Systems in HTSUS Item 9032 89 60 and the parts and accessories of the PCR Systems in HTSUS Item 9032 90 60, and remanding the entries the subject of the protests the subject of this

civil action to the appropriate Customs officials for reliquidation in accordance with the classification decision of this Court with refunds and interest according to law

RODRIGUEZ, O'DONNELL, ROSS, FUERST  
GONZALEZ WILLIAMS & ENGLAND, P C  
Attorneys for Plaintiff  
8430 West Bryn Mawr Avenue  
Suite 525  
Chicago, IL 60631  
Tel 773-314-5000  

By _____  
Thomas J O'Donnell

Of Counsel,  
Su Kohn Ross  
Michael A Johnson  
Laia A Austrins

## CERTIFICATE OF SERVICE BY MAIL

I, Lara A Austrins, a member in good standing of the bar of this Court, hereby certify that, on the date hereunder shown, I did serve true copies of the foregoing **COMPLAINT** upon counsel to defendant in this matter by placing the same in a securely closed envelope, duly franked and placing the same in the United States Mail, certified mail, return receipt requested at Chicago, Illinois, addressed to said counsel as follows

> Barbara S Williams, Esq
> Attorney-in-Charge
> International Trade Field Office
> Civil Division, Dept of Justice
> Commercial Litigation Branch
> 26 Federal Plaza
> Room 349
> New York, NY 10278

DATE November 23, 2004

_____
Lara A Austrins

RECEIVED & FILED

2004 NOV 26  A 11 56

IN ACCORDANCE WITH THE PROVISION OF RULE 5(e) THIS PAPER IS DEEMED FILED AS OF THE DATE OF MAILING- TO WIT  11-23-04