UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE:

| | | |
|---|---|---|
| APPLIED BIOSYSTEMS (A DIVISION OF APPLERA CORPORATION) | : | |
| Plaintiff, | : | |
| v. | : | Court No. 03-00251 |
| THE UNITED STATES, | : | |
| Defendant. | : | |

## ANSWER TO COMPLAINT

Pursuant to Rule 7(a) of the Rules of the United States Court of International Trade, the United States, defendant, responds to the allegations of plaintiff's complaint as follows:

1. Admits.

2. Admits.

3. Denies that Protest No. 2809-02-100517 was timely filed with respect to Entry Nos. 110-5557018-8, 110-5557337-2, 231-6232692-2, 110-5557873-6, 110-5677312-9, and 110-5677313-7. Avers that the remainder of the entries were either liquidated or reliquidated, and admits that timely protests were filed with respect to each.

4. Admits.

5. Denies having information or knowledge sufficient to form a belief as to the truth of what the imported merchandise consists. Avers that the merchandise was described on the commercial invoices subject to the entries at issue in this court action as GeneAmp Insitu PCR 1000, GeneAmp PCR System 2400, GeneAmp PCR System 9600, and GeneAmp PCR System 9700, and parts thereof.

6. Denies having information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph.

7. The allegations in this paragraph consist of legal argument and/or conclusions of law to which no response is required. To the extent a response is required, denies.

8. Admits.

9. Denies having information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph.

10. The allegations in this paragraph consist of legal argument and/or conclusions of law to which no response is required. To the extent a response is required, denies.

11. Admits with respect to the entries which were liquidated once, that the PCR Systems were classified at liquidation in Subheading 8419.89.90, Harmonized Tariff Schedule of the United States ("HTSUS"). Denies with respect to the entries which were reliquidated. Avers that the PCR Systems in the entries which were reliquidated were classified at reliquidation in Subheading 8419.89.90, HTSUS. Avers further that the entries subject to this court action were made in 2000, 2001 and 2002, and that the rate applicable to Subheading 8419.89.90 in those years was 4.2% *ad valorem*. Avers further that the subheading number changed in 2002 from 8419.89.90 to 8419.89.95. Avers further that the last two digits of Subheading 8419.89.90**85** in 2000 and 2001, and Subheading 8419.89.95**85** in 2002, (set forth in bold herein), are not relevant because they constitute a statistical suffix, and are not part of 19 U.S.C. § 1202, the statute which sets forth the HTSUS.

12. Admits with respect to the entries which were liquidated once, that the parts of the PCR Systems were classified at liquidation in Subheading 8419.90.80, HTSUS. Denies with respect

Case 1:03-cv-00251-EJW    Document 11    Filed 04/27/05    Page 3 of 6

to the entries which were reliquidated. Avers that the parts of the PCR Systems in the entries which were reliquidated were classified at reliquidation in Subheading 8419.90.80, HTSUS. Avers further that the entries subject to this court action were made in 2000, 2001 and 2002, and that the rate applicable to Subheading 8419.90.80 in those years was 4% *ad valorem*. Avers further that the subheading number changed in 2002 from 8419.90.80 to 8419.90.95. Avers further that the last two digits of Subheading 8419.90.80**80** in 2000 and 2001, and Subheading 8419.90.95**80** in 2002, (set forth in bold herein), are not relevant because they constitute a statistical suffix, and are not part of 19 U.S.C. § 1202, the statute which sets forth the HTSUS.

13.    Admits that the text of Heading 8419 (2002) is accurately set forth herein. Denies that the text of Heading 8419 (2000 and 2001) is accurately set forth in this paragraph. Avers that the text of Heading 8419 (2000 and 2001) did not include the parenthetical which states "(excluding furnaces, ovens and other equipment of heading 8514)." Denies that subheading numbers are accurately set forth herein. Avers that in 2000 and 2001, the relevant subheading numbers were 8419.89.90 and 8419.90.80, and that in 2002 the subheading numbers changed to 8419.89.95 and 8419.90.95, respectively. Avers further that the corresponding tariff language remained unchanged.

14.    Admits that this allegation contains plaintiff's claim, but denies its validity.

15.    Admits that this allegation contains plaintiff's claim, but denies its validity.

16a.[*]    Admits that the text of Subheadings 9032.89.60 and 9032.90.60 is accurately set forth in this paragraph.

---

[*] Plaintiff's complaint contains **two** sets of ¶¶ 16 & 17. To avoid confusion, we have answered the first set with ¶ 16a and ¶ 17a, and the second set with ¶ 16b and ¶ 17b, respectively.

3

17a. Admits that the text of Note 1(m) to Section XVI is accurately set forth in this paragraph.

16b. Admits that the text of Note 7(a) to Chapter 90, HTSUS (2002), is accurately set forth herein. Denies that there was Note 7 to Chapter 90 in the 2000 and 2001 HTSUS. Avers that Note 7 to Chapter 90 replaced Note 6 in 2002. Avers that Note 6(a) to Chapter 90 (2000 and 2001) provided for: "Instruments and apparatus for automatically controlling the flow, level, pressure or other variables of liquids or gases, or for automatically controlling temperature, whether or not their operation depends on an electrical phenomenon which varies according to the factor to be automatically controlled; and."

17b. Admits that the text of General Rule of Interpretation 1 is accurately set forth in this paragraph.

18. The allegations in this paragraph consist of legal argument and/or conclusions of law to which no response is required. To the extent a response is required, denies.

19. Denies that the text of General Rule of Interpretation 3 is accurately set forth in this paragraph. Avers that the following clause is missing from plaintiff's quotation of Rule 3(a) at the end of the second sentence: "even if one of them gives a more complete or precise description of the goods." Avers further that the italicized language is missing from plaintiff's quotation of Rule 3(b): "and goods put up *in sets* for retail sale …."

20. The allegations in this paragraph consist of legal argument and/or conclusions of law to which no response is required. To the extent a response is required, denies.

21. The allegations in this paragraph consist of legal argument and/or conclusions of law to which no response is required. To the extent a response is required, denies.

## **AFFIRMATIVE DEFENSE**

1. The Court lacks subject matter jurisdiction over Entry Nos. 110-5557018-8, 110-5557337-2, 231-6232692-2, 110-5557873-6, 110-5677312-9, and 110-5677313-7, which were included in Protest No. 2809-02-100517, because with respect to these entries the Protest was filed untimely.

WHEREFORE, defendant respectfully requests that judgment be entered dismissing this action for lack of subject matter jurisdiction regarding Entry Nos. 110-5557018-8, 110-5557337-2, 231-6232692-2, 110-5557873-6, 110-5677312-9, and 110-5677313-7, and/or dismissing this action, overruling plaintiff's claim, sustaining the decision of the appropriate Customs official and the assessment of duty thereunder, and granting defendant such other and further relief as may be just and appropriate.

Dated: New York, New York
April 27, 2005

    Respectfully submitted,

    PETER D. KEISLER
    Assistant Attorney General

    /s/
By:    BARBARA S. WILLIAMS
    Attorney in Charge
    International Trade Field Office

    /s/
    JACK S. ROCKAFELLOW
    Civil Division, Dept. of Justice
    Commercial Litigation Branch
    26 Federal Plaza – Suite 346
    New York, NY 10278
    Attorneys for Defendant
    Tel. (212) 264-0482 or 0874

## CERTIFICATE OF SERVICE

JACK S. ROCKAFELLOW certifies that: I am a trial attorney in the office of the Assistant Attorney General, Civil Division, Commercial Litigation Branch, International Trade Field Office, with offices located at Suite 346, 26 Federal Plaza, New York, NY 10278, and that on April 27, 2005, on behalf of the United States, defendant herein, I caused the annexed ANSWER in Court No. 03-00251 to be served upon:

Thomas J. O'Donnell, Esq.
*RODRIGUEZ O'DONNELL ROSS FUERST*
*GONZALEZ WILLIAMS & ENGLAND, P.C.*
Citicorp Plaza
8430 West Byrn Mawr Avenue – Suite 525
Chicago, IL 60631
Ph: (773) 314-5000 Fax: – 1719
todonnell@chicago.rofgw.com

the attorneys for the plaintiff herein by the deposit of a copy thereof in a United States mail receptacle, properly enclosed in a secure envelope, duly franked or postage prepaid, addressed to said attorneys as above indicated.

/s/ Jack S. Rockafellow

_____